IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOE KAZADI                     :

    v.                          : Civil Action No. DKC 2006-3372

CATALINA CAPITAL
  ADVISORS, LLC, ET AL.        :

**MEMORANDUM OF OPINION**

Presently pending and ready for resolution is Defendants' motion to dismiss for lack of personal jurisdiction and improper venue, or in the alternative, to transfer venue. (Paper 7). Plaintiff's motion for leave to file surreply is also pending and ready for resolution. (Paper 19). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the court will transfer this case to the United States District Court for the Central District of California. The court will deny Plaintiff's motion to file surreply.[1]

**I.  Background**

The following summary is based on Plaintiff's unverified Amended Complaint. (Paper 3). Defendant Catalina Capital Advisors, LLC, ("Catalina") is a Delaware corporation, with its

---

[1] Also pending and ready for resolution is Plaintiff's Motion for Leave to File Second Amended Complaint (paper 23). As the court will find that it does not have personal jurisdiction over the defendants in this case, the court will not rule on Plaintiff's motion.

principal place of business in Los Angeles, California. Defendant Gregory Willis is the Chief Executive Officer of Catalina and a citizen of California, residing in Rancho Palos Verdes. Defendant Catherine Zickfeld is the Chief Financial Officer of Catalina and is also a citizen of California. Ms. Zickfeld resides in Los Angeles. Plaintiff Joe Kazadi is a Maryland resident. This dispute arises from an employment contract between Defendants and Plaintiff.

Catalina hired Plaintiff as a consultant in June 2005. From October 2005 through May 2006, Plaintiff's consultancy involved performing CEO duties for Catalina's French company, Atliers Thome Genot ("ATG"). Plaintiff worked on-site in France and from his residence in Maryland. Plaintiff and Catalina entered into an employment contract on May 3, 2006 providing that Plaintiff would serve as ATG's CEO and as a member of the Board of Directors. The contract was effective as of January 1, 2006, and Plaintiff's principal place of employment was Nouzonville, France. The employment contract specified that all notices regarding the terms of the contract would be sent to Plaintiff's Poolesville, Maryland address. (Paper 13, Ex. A ¶ 13)

Defendants provided Plaintiff an apartment in France and sent his paychecks to his Poolesville address. Defendants directed Plaintiff's work activities via telephone calls, mail, and e-mail

2

communications.[2]  Plaintiff worked primarily in France, but also worked from his home in Poolesville.

On October 24, 2006, ATG filed for bankruptcy.  Plaintiff received his last paycheck on October 31, 2006.  The parties dispute whether Defendants terminated Plaintiff.  Plaintiff filed the instant action alleging breach of contract and violations of California Labor Code § 204 and Maryland Wage Payment and Collection Law, Md. Code Ann. § 3-502.

## II. Personal Jurisdiction

### A. Standard of Review

When a court's power to exercise personal jurisdiction over a nonresident defendant is challenged by a motion under Fed.R.Civ.P. 12(b)(2), "the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (citing *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993)).  Where, as here, the court rules without conducting an evidentiary hearing, relying solely on the basis of the complaint, affidavits and discovery materials, "the plaintiff need only make a prima facie showing of personal jurisdiction." *Carefirst of Maryland*, 334 F.3d at 396; *see also Mylan Labs.*, 2

---

[2] There is neither allegation nor evidence that any defendant ever entered Maryland.

F.3d at 60; *Combs v. Bakker,* 886 F.2d 673, 676 (4th Cir. 1989). In determining whether the plaintiff has proven a prima facie case of personal jurisdiction, the court "must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor." *Mylan Labs.*, 2 F.3d at 60.

**B.   Analysis**

A federal district court may exercise personal jurisdiction over a non-resident defendant "if (1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993). The Court of Appeals of Maryland has "consistently held that the purview of the long arm statute is coextensive with the limits of personal jurisdiction set by the due process clause of the Federal Constitution." *Beyond Sys., Inc. v. Realtime Gaming Holding Co.*, 388 Md. 1, 15 (2005). Yet, courts may not "simply dispense with analysis under the long-arm statute," but rather, must interpret it "to the limits permitted by the Due Process Clause when [they] can do so consistently with the canons of statutory construction." *Mackey v. Compass Mktg., Inc.*, 391 Md. 117, 141 n.6 (2006), *cert. dismissed*, 127 S.Ct. 34 (2006).

Plaintiff asserts that personal jurisdiction is proper over Defendants based on Maryland's long arm statute § 6-103(b)(1), which provides "(b) [a] court may exercise personal jurisdiction

4

over a person, who directly or by an agent: (1) Transacts any business or performs any character of work or service in the State." Md. Code Ann., Cts. & Jud. Proc., § 6-103(b). Transacting business pursuant to subsection (b)(1) "requires 'actions [that] culminate in purposeful activity within the state.'" *Bahn v. Chi. Motor Club Ins. Co.*, 98 Md.App. 559, 568 (1993); *Prince v. Illien Adoptions Int'l, Ltd.*, 806 F.Supp. 1225, 1228 (D.Md. 1992). Where the contacts involve a contract, "Maryland courts could and would assert jurisdiction over a party to a contract in a suit for breach of that contract if the party has performed 'purposeful acts' in Maryland 'in relation to the contract, albeit preliminary or subsequent to its execution.'" *Du-Al Corp. v. Rudolph Beaver, Inc.*, 540 F.2d 1230, 1232 (4th Cir. 1976)(citing *Novack v. Nat'l Hot Rod Ass'n*, 247 Md. 350, 357 (1967)).

The inquiry for the court is whether the defendant purposefully established "minimum contacts" with Maryland such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). *See also Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985); *Base Metal Trading, Ltd v. OSJC "Novokuznetsky Aluminum Factory"*, 283 F.3d 208, 213 (4th Cir. 2002). Where, as here, the plaintiff contends that personal jurisdiction is proper based on specific jurisdiction, the court

must examine "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002). Furthermore, "[a] defendant should be able to anticipate being sued in a court that can exercise personal jurisdiction over him; thus, to justify such an exercise of jurisdiction, a defendant's actions must have been 'directed at the forum state in more than a random, fortuitous, or attenuated way.'" *Mitrano v. Hawes*, 377 F.3d 402, 407 (4th Cir. 2004) (quoting *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 625 (4th Cir. 1997)).

The first factor, purposeful availment, is satisfied where a nonresident defendant purposefully has engaged in significant activities within the forum state or has created "continuing obligations" with residents of the forum state. *Burger King Corp.*, 471 U.S. at 476. Where the case involves a contract with a nonresident defendant:

> [T]he court must perform an individualized and pragmatic inquiry into the surrounding facts such as prior negotiations, the terms of the contract, the parties' actual course of dealing, and contemplated future consequences, in order to determine "whether the defendant purposefully established minimum contacts within the forum." [*Burger King Corp.*, 471 U.S.] at 479, 105 S.Ct. 2174; *see also Mun. Mortgage & Equity v. Southfork Apartments Ltd.*

6

> *P'ship*, 93 F.Supp.2d 622, 626 (D.Md. 2000).
> Among the specific facts that courts have
> weighed are "where the parties contemplated
> that the work would be performed, where
> negotiations were conducted, and where payment
> was made." *Mun. Mortgage & Equity*, 93
> F.Supp.2d at 626 (internal quotation omitted).
> One of the most important factors is "whether
> the defendant initiated the business
> relationship in some way." *See id.* at 626-27
> (quoting *Nueva Eng'g, Inc. v. Accurate Elecs.,
> Inc.*, 628 F.Supp. 953, 955 (D.Md. 1986)).
> Ultimately, the question is whether the
> contract had a "substantial connection" to the
> forum state. *Burger King*, 471 U.S. at 479,
> 105 S.Ct. 2174; *Diamond Healthcare of Ohio,
> Inc. v. Humility of Mary Health Partners*, 229
> F.3d 448, 451 (4th Cir. 2000).

*Johansson Corp. v. Bowness Const. Co.*, 304 F.Supp.2d 701, 705 (D.Md. 2004).

Applying the analysis presented in *Johansson Corp.*, the court finds that Defendants did not purposefully avail themselves of the privilege of doing business in Maryland. Defendants assert, and Plaintiff does not dispute, that negotiations for Plaintiff's consultant job and preliminary discussions about a permanent position took place in California. (Paper 8, at 2-3). Negotiations for the employment contract took place in France. (*Id.* at 3). The terms of the contract further counsel against a finding of personal jurisdiction in Maryland. The contract contemplates that Plaintiff would be the CEO of a French company and that his principal place of business would be Nouzonville, France. (Paper 13, Ex. A ¶¶ 1, 3). The applicable law provision states that California law would govern the contract. (*Id.* at ¶

7

18).  "[A] choice of law provision which opts away from the forum state, when combined with other factors disfavoring the exercise of personal jurisdiction, raises the negative implication that personal jurisdiction in the forum state was not contemplated." *Johansson Corp.*, 304 F.Supp.2d at 707-08 (quoting *Mun. Mortgage & Equity v. Southfork Apartments Ltd.*, 93 F.Supp.2d 622, 629 n.6 (D.Md. 2000)).

Plaintiff places great emphasis on the provision of the contract stating that all notices and communications regarding the contract would be delivered to Plaintiff's Poolesville address. (Paper 13, Ex. A ¶ 13).  While this term of the contract certainly would put Defendants on notice that they might mail correspondence to Maryland, it does not establish that Defendants could reasonably expect to be haled into court here.  Further, even if notices had been mailed to Maryland, contacts with the forum must consist of more than mail, email, or telephone conversations.  *See Ritz Camera Ctrs., Inc. v. Wentling Camera Shops, Inc.*, 982 F.Supp. 350, 354 (D.Md. 1997).

Nor does the parties' course of dealing under the contract weigh in favor of finding a basis for personal jurisdiction.  The most favorable fact for Plaintiff is that Defendants sent Plaintiff's paychecks to Poolesville.  However, Plaintiff does not dispute that he requested his paychecks be sent to Poolesville. "Because of the concept of purposeful direction, the Court will

only look to activities 'actually generated by the defendant' and not '[t]he unilateral activity of those who claim some relationship with a nonresident defendant.'" *Lab. Corp. of America Holdings v. Schumann*, 474 F.Supp.2d 758, 762 (M.D.N.C. 2006) (quoting *Chung v. NANA Development Corp.*, 783 F.2d 1124, 1127 (4th Cir. 1986) and *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980)). Defendants would not have had any contact with the forum but for Plaintiff's request that his paychecks and other correspondence be mailed to Maryland. *See Pennebacker v. Wayfarer Ketch Corp.*, 777 F.Supp. 1217, 1221 (E.D.Pa. 1991) (holding that "plaintiff's decision to live in Pennsylvania while employed by defendant and receive some of his paychecks at his home address in Pennsylvania are essentially unilateral decisions on his part for his own convenience which cannot provide a basis of jurisdiction.").

Plaintiff also alleges that he performed some of his CEO duties from Poolesville.[3] However, where a contract contemplates that work will be performed outside of the forum and only a portion of the overall work is performed within the forum, courts have declined personal jurisdiction. *See, e.g.*, *Johansson Corp.*, 304 F.Supp.2d at 706-07; *Diamond Healthcare of Ohio, Inc. V. Humility*

---

[3] Defendants dispute that Plaintiff was authorized to perform any work while in Maryland, but because the court is resolving the motion without a hearing, all facts must be construed in Plaintiff's favor. *See Johansson Corp.*, 304 F.Supp.2d at 707 n.2 (resolving a factual dispute in plaintiff's favor despite a contrary affidavit from defendant).

*of Mary Health Partners*, 229 F.3d 448, 451 (4th Cir. 2000). Here, the contract identified the principal place of business as France. Plaintiff does not dispute that he performed the majority of his work while in France. Accordingly, the portion of the work performed in Poolesville is insufficient to provide a basis for personal jurisdiction.

Plaintiff also claims that Defendants directed work-related communications to Plaintiff in Poolesville. He explains that while in Poolesville, he participated in work-related conference calls and corresponded via email with Defendants. As noted above, however, correspondence from outside the forum state to a Maryland resident is not enough to establish personal jurisdiction. *See, e.g.*, *Ritz Camera Ctrs., Inc.*, 982 F.Supp. at 354; *Leather Masters (PVT) Ltd. v. Giampier Ltd.*, 836 F.Supp. 328, 331 (D.Md. 1993). In light of the tenuous connections Defendants had with Maryland, the court cannot say that they purposefully availed themselves of the privileges of the forum state. Accordingly, Plaintiff has failed to make a prima facie showing that personal jurisdiction exists here.

**III. Transfer**

Having found no personal jurisdiction over defendant, the court may dismiss or transfer the case pursuant to section 1406(a), *In re Carefirst of Maryland, Inc.*, 305 F.3d 253, 255-56 (4th Cir. 2002). That section provides: "The district court of a district in

10

which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Here, it is in the interest of justice to transfer this case to the Central District of California, where Defendants are subject to personal jurisdiction.

**IV.  Motion to File Surreply**

Local Rule 105.2.a provides, "[u]nless otherwise ordered by the Court, surreply memoranda are not permitted to be filed."  The court may permit a surreply when a party would not otherwise have an opportunity to respond to arguments raised for the first time in the opposing party's reply.  *Khoury v. Meserve*, 268 F.Supp.2d 600, 605 (D.Md. 2003). Plaintiff seeks leave to file a surreply because he claims that Defendants asserted the incorrect standard of review for personal jurisdiction in their reply, paper 17.  Plaintiff asserts that Defendants erroneously quoted *Clark v. Remark* for the standard for personal jurisdiction, specifically that "[t]he plaintiff...must present affidavits or other evidence if the defendant counters plaintiff's allegations with evidence that minimum contacts do not exist."  No. 92-1682, 1993 WL 134616, at *2 (4th Cir. Apr. 29, 1993).  Plaintiff insists that he is not required to submit affidavits alleging jurisdictional facts.  The court will

11

not permit a surreply, as Defendants did not assert any new matters in their reply.

## V. Conclusion

For the foregoing reasons, the court will grant in part and deny in part Defendants' motion to dismiss for lack of personal jurisdiction and improper venue, or in the alternative to transfer venue. The court will transfer this case to the United States District Court for the Central District of California. The court will deny Plaintiff's motion for leave to file surreply. A separate order will follow.

```
                              _____/s/_____
                              DEBORAH K. CHASANOW
                              United States District Judge
```